# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COLLEGE DIAMOND FUND INC., | |
| Plaintiff, | Civil Action No: 1:24-cv-04800 |
| vs. | |
| ROBERT DAVIS as the de facto administrator of the ESTATE OF LLOYD DAVIS; and "JOHN DOE #1" through "JOHN DOE #100", the names of the last 100 defendants being fictitious, the true names of said defendants being unknown to plaintiffs, it being intended to designate fee owners, tenants or occupants of the property and/or persons or parties having or claiming an interest in or lien upon the property, if the aforesaid individual defendants are living, and if any or all of said individual defendants be deceased, their heirs at law, next of kin, distributees, executors, administrators, trustees, committees, devisees, legatees, and the assignees, lienors, creditors, and successors in interest of them, and generally all persons having or claiming under, by, through, or against the said defendants named as a class, of any right, title, or interest in or upon the property described in the complaint herein, | **VERIFIED COMPLAINT** |
| Defendants. | |

Plaintiff College Diamond Fund Inc. ("Plaintiff"), by and through its attorneys, McCarter & English, LLP, hereby files its Verified Complaint against Robert Davis as the de facto administrator of the Estate of Lloyd Davis (the "Estate of Lloyd Davis"), John Doe #1 through John Doe #6 (the "Occupant Defendants"), and John Doe #7 through John Doe #100 (the "Fictitious Defendants") (collectively "Defendants"), and states:

## NATURE OF THE ACTION

1.      This action arises out of issues concerning the real property and improvements thereon located at 1023 College Avenue, Bronx, New York 10456 (Block 2437, Lot 37), as more particularly described on the New York City (the "City") Department of Finance Property Information Portal (the "Property"). *See* https://propertyinformationportal.nyc.gov/parcels/parcel/2024370037.

2.      Plaintiff owns a 50% interest in the Property.

3.      Upon information and belief, the Estate of Lloyd Davis owns the other 50% interest in the Property.

4.      In addition, the Estate of Lloyd Davis claims interests in the Property adverse to the 50% ownership interest of Plaintiff.

5.      The Occupant Defendants are squatters who unlawfully reside at the Property. Plaintiff does not receive any rents directly or indirectly from the Occupant Defendants. No landlord-tenant relationship exists between Plaintiff and the Occupant Defendants. Plaintiff vehemently objects to the presence of the Occupant Defendants at the Property.

6.      If a landlord-tenant relationship exists between the Estate of Lloyd Davis and the Occupant Defendants, it is adverse to Plaintiff's 50% ownership interest in the Property.

7.      Upon information and belief, Robert Davis, on behalf of the Estate of Lloyd Davis, rents out rooms to, and collect rents from, the Occupant Defendants, and then pockets this money and/or distributes such funds to other heirs of Lloyd Davis, rather than using those funds to cover operating expenses of the Property, make necessary repairs, pay off fines, and remove liens.

8.      If a landlord-tenant relationship exists between the Estate of Lloyd Davis and the Occupant Defendants, the Occupant Defendants should nonetheless be evicted for good cause.

The Occupant Defendants have caused substantial damage to the Property.  They also prevent Plaintiff from accessing the Property to make necessary inspections and repairs.  What is more, upon information and belief, the Occupant Defendants use the Property for criminal activity, including illicit drug trafficking and unlawful making and possession of firearms.

9.    Plaintiff seeks to quiet title to the Property pursuant to Article 15 of the N.Y. Real Property Actions and Proceedings Law ("RPAPL"); partition and sell the Property pursuant to Article 9 of the N.Y. RPAPL; eject any occupants residing at the Property pursuant to Article 7 of the N.Y. RPAPL; and obtain additional relief at law and in equity, including the appointment of a receiver pursuant to Fed. R. Civ. P. 66, for the purposes of safeguarding the Property during the pendency of this action, administering the sale of the Property, and assisting the Court in achieving a final, equitable distribution of the proceeds.

## THE PARTIES

10.    Plaintiff is a corporation organized and existing under the laws of the State of Delaware.  *See* College Diamond Certificate of Incorporation attached hereto as **Exhibit A**.  Plaintiff does not own or rent any offices in New York for the purpose of coordinating the corporation's activities.  Plaintiff does not maintain any office headquarters. Plaintiff's principal place of business is located in the State of New Jersey, where Plaintiff's president directs, controls, and coordinates the corporation's activities, including from an office located at 650 East Palisade Avenue, Suite 179, Englewood, New Jersey 07632.

11.    The decedent, Lloyd Davis, was a citizen of the State of New York, domiciled in Manhattan, New York.  *See* Lloyd Davis Certificate of Death attached hereto as **Exhibit B**. Upon information and belief,  Lloyd Davis died intestate.  Further, no administrator was appointed to manage or administer the decedent's estate.

12.     Upon information and belief, Lloyd Davis's son Robert Davis is the *de facto* administrator of the decedent's estate.  *See Accounting of Sakow*, 219 A.D.2d 479, 482 (1st Dep't 1995) (holding that an individual who functioned as the "'principal decision maker with respect to the disposition of estate assets'" and "possessed all of the powers of a fiduciary" "was, in effect, the *de facto* executor of his father's estate").  The estate's 50% ownership interest in the Property appears to be the primary (if not the only) estate asset that has yet to be disposed of or distributed among the decedent's heirs.  Plaintiff's president has met with or spoken to Robert Davis on multiple occasions about issues concerning the Property, including management, disposition and distribution.  Robert Davis's decisions on behalf of the estate concerning the use, management, disposition, and distribution of the Property in connection with the estate's 50% ownership interest are met unchallenged by the decedent's other children (or, if deceased, their heirs).

13.     For purposes of notice and service in this action on the Estate of Lloyd Davis, the last known residence of Robert Davis is located at 175 Prince Street, Bridgeport, Connecticut 06610.

14.     Upon information and belief, the Occupant Defendants, whose names are presently unknown to Plaintiff, are citizens of the State of New York, domiciled (albeit unlawfully) at the Property.

15.     The Fictitious Defendants, whose identities are presently unknown to Plaintiff, have been made defendants in this action because of possible claims or interests in ownership or possession of the Property.

ME1 48833437v.1

## JURISDICTION AND VENUE

16.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

17.    Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 as the Property is located in this judicial district, at least one defendant resides in this judicial district, and a substantial part of the events or omissions giving rise to the claims in this action occurred in this judicial district.

## FACTS

**A.    Information Relating to Lloyd Davis and Elizabeth Davis Family Trees and Chain of Title to the Property**

18.    Lloyd Davis acquired the Property by bargain and sale deed dated September 21, 1979, attached hereto as **Exhibit C**.  The deed was recorded in the Office of the New York City Register on October 10, 1979.

19.    Lloyd Davis died on November 2, 1981.  *See* Exhibit B.

20.    Lloyd Davis was survived by his wife, Elizabeth Davis.

21.    Lloyd Davis and Elizabeth Davis married later in life.  Both had children from prior relationships, but they did not have children together.

22.    Elizabeth Davis, as the surviving spouse of Lloyd Davis, received a 50% ownership interest in the Property.

23.    Elizabeth Davis died on November 4, 2014.  *See* Elizabeth Davis Certification of Death attached hereto as **Exhibit D**.

24.     Elizabeth Davis had two daughters, Carolyn Boone, who survived her mother, and Marie Harris, who died before her mother in 1986.  *See* Affidavit of Heirship of Siteria B. Gore and Affidavit of Heirship of Sam Walker attached hereto as **Exhibit E**.

25.     Marie Harris had two children, Ronette Walker and Carlton Harris.  *Id.*

26.     Carolyn Boone inherited one half of her deceased mother's ownership interest in the Property, which gave her a 25% ownership interest in the Property.  *Id.*

27.     College Equity Fund Inc. ("College Equity Fund") acquired Carolyn Boone's 25% ownership interest in the Property by bargain and sale deed dated January 30, 2018, attached hereto as **Exhibit F**.  The deed was recorded in the Office of the New York City Register on February 7, 2018.

28.     Sam Walker acquired the rights through the Surrogate's Court of the State of New York, County of Bronx for letters of administration on behalf of his grandmother Elizabeth Davis's Estate, including any claim or interest in the Property that could be attributed to Ronette Walker, Carlton Harris, or their respective heirs.  *See* Letters of Administration Appointing Sam Walker as the Fiduciary for the Estate of Elizabeth Davis attached hereto as **Exhibit G**.

29.     College Equity Fund acquired the  25% ownership interest in the Property held by the Estate of Elizabeth Davis by administrator's deed dated August 3, 2020, attached hereto as **Exhibit H**. The deed was recorded in the Office of the New York City Register on August 7, 2020.

30.     A confirmatory deed dated August 21, 2020 and attached hereto as **Exhibit I** was recorded on September 2, 2020 to confirm the spelling of the Estate of Elizabeth Davis as the "Estate of Elizabeth Davis" and *not* as the "Estate of Elizabeth David."

ME1 48833437v.1

31.     Plaintiff acquired the 50% ownership interest in the Property held by College Equity Fund by warranty deed with full covenants dated October 13, 2020, attached hereto as **Exhibit J.**    The deed was recorded in the Office of the New York City Register on October 22, 2020.

**B.    Issues Concerning the Property**

32.     The Estate of Lloyd Davis has not obtained an insurance policy for the Property.

33.     The absence of insurance coverage exposes Plaintiff to unlimited civil liability, and the Property to imminent risk of substantial and damaging losses.

34.     Plaintiff cannot obtain an insurance policy for the Property because of the deteriorating physical state of the asset and the unlawful conduct of the Estate of Lloyd Davis and the Occupant Defendants.

35.     The Estate of Lloyd Davis and the Occupant Defendants are engaged in conduct that has caused, and continues to cause,  irreparable harm to Plaintiff's 50% ownership interest in the Property as well as to the asset as a whole.

36.     The Estate of Lloyd Davis prevents Plaintiff from generating revenue from the Property to cover the asset's operating expenses, obstructs Plaintiff from managing the day-to-day operations of the Property, and makes it impossible for Plaintiff to remedy outstanding issues concerning the Property with the City.

37.     The Occupant Defendants do not pay rent to Plaintiff.  Rather, they cause substantial damage to the Property, refuse to vacate the residential units they inhabit, and engage in intimidation tactics, such as making verbal death threats, that deter and prevent Plaintiff from gaining physical access to the asset.

ME1 48833437v.1

38.     As a result of the illegal conduct of the Occupant Defendants, Plaintiff cannot secure reliable and law abiding tenants to pay market rents or generate any revenue from the Property to cover the asset's operating expenses.

39.     The Estate of Lloyd Davis and the Occupant Defendants facilitate and/or commit waste upon the Property and perpetuate a dangerous, and unlawful, environment at the premises that further drives down the Property's value.

40.     Plaintiff cannot conduct on-site inspections at the Property to ensure compliance with governing rules and regulations or identify and make necessary repairs.  *See e.g.*, Summons No. 039039812R concerning violations of the NYC Building Code and photographs of the premises taken by a Department of Buildings inspector attached hereto as **Exhibit K**.

41.     Since April 2016, the Property has accumulated over $45,000 in unpaid tickets, or "Summonses" for violations of the Administrative Code identified at the Property by City enforcement agencies, including the Department of Mental Health and Hygiene, the Department of Buildings, and the Environmental Control Board within the Department of Sanitation.  *See* NYC CityPay Bill (last visited June 24, 2024) attached hereto as **Exhibit L**.

42.     Despite Plaintiff not having actual control over, or physical access to, the Property, Plaintiff has been forced to allocate a significant amount of time, money, and resources toward attending to City enforcement and administrative agency matters.

43.     Plaintiff is unfairly burdened with the responsibility of paying off these fines or contesting them before the Office of Administrative Trial and Hearings, or "OATH".  *See e.g.,* Summons No. 0803064882 concerning violations of the NYC Health Code relating to rat infestation attached hereto as **Exhibit M** .

ME1 48833437v.1

44.     It has become impossible for Plaintiff to maximize the value of the Property or, at minimum, protect its ownership interest in the asset.

45.     The Property is saddled with over $100,000 in City property tax and water liens, including the following amounts identified by the Department of Finance as of September 2020: $7,223.18 (property tax lien), $106.75 (property related charges lien), $62,370.59 (billed water lien), and $32,082.39 (water board lien).  *See* Lien Notice dated September 17, 2020 attached hereto as **Exhibit N.**

46.     Further, an action assigned Index No. 26736/2019E and captioned *NYCTL 1998-2 TRUST AND THE BANK OF NEW YORK MELLON, AS COLLATERAL AGENT AND CUSTODIAN v. COLLEGE EQUITY FUND INC., et al.*, was commenced on June 10, 2019 and is pending in the Supreme Court of New York, County of Bronx for the foreclosure of tax liens evidenced by a tax lien certificate recorded in the Office of the New York City Register on August 23, 2018.  *See* Tax Lien Certificate No.2A dated as of August 16, 2018 attached hereto as **Exhibit O** at 8 (stating the tax lien total for the Property is $16,750.71 and subject to 6% interest).

47.     The status quo concerning the Property is untenable and necessitates judicial intervention, including, most urgently, the appointment of a receiver by this Court to safeguard the Property during the pendency of this action.

## FIRST CAUSE OF ACTION
### (Quiet Title Pursuant to Article 15 of N.Y. RPAPL)

48.     Plaintiff repeats and realleges the allegations in the foregoing paragraphs of this Verified Complaint as if fully set forth herein.

49.     Plaintiff is the rightful owner of a 50% interest in the Property in fee simple absolute.

50.     Upon information and belief, the Estate of Lloyd Davis owns the other 50% interest in the Property in fee simple absolute.

51.     The Estate of Lloyd Davis has attempted, and continues, to challenge the validity of Plaintiff's ownership interest in the Property.

52.     Plaintiff possesses no information to believe that any of the named or unnamed defendants in this action, including the Occupant Defendants, are incompetent.

53.     All interested parties presently known to Plaintiff have been named.  Should Plaintiff learn of the identities of any additional interested parties, this Verified Complaint will be amended as appropriate.

## SECOND CAUSE OF ACTION
### (Partition and Sale Pursuant to Article 9 of N.Y. RPAPL)

54.     Plaintiff repeats and realleges the allegations in the foregoing paragraphs of this Verified Complaint as if fully set forth herein.

55.     Plaintiff and the Estate of Lloyd Davis are owners of the Property as tenants in common.

56.     The rights, shares, and interests in the Property of Plaintiff and the Estate of Lloyd Davis are as follows:

a.     Plaintiff is a tenant in common in fee simple absolute of an undivided one-half (50%) interest in the Property; and

b.     The Estate of Lloyd Davis is a tenant in common in fee simple absolute of an undivided one-half (50%) interest in the Property.

57.     Upon information and belief, the fair market value of the Property is approximately $800,000.

58.     Except as otherwise alleged herein, there are no other liens or encumbrances of record on the Property.

59.     Plaintiff possesses no information to believe that any of the named or unnamed defendants in this action, including the Occupant Defendants, are incompetent.

60.     All interested parties presently known to Plaintiff have been named.  Should Plaintiffs learn of the identities of any additional interested parties, this Verified Complaint will be amended as appropriate.

61.     The Property is so situated that division or partition thereof between Plaintiff and the  Estate of Lloyd Davis, according to their respective rights and interests, is not possible without great prejudice to the owners thereof, and thus a sale of the Property is necessary.

62.     Plaintiff has no adequate remedy at law.

### THIRD CAUSE OF ACTION
**(Ejectment Pursuant to Article 7 of N.Y. RPAPL )**

63.     Plaintiff repeats and realleges the allegations in the foregoing paragraphs of this Verified Complaint as if fully set forth herein.

64.     As an owner of the Property, Plaintiff has the immediate right to possession of same as well as all of the residential units located therein.

65.     The Occupant Defendants have no right to occupy the Property.

66.     Plaintiff is entitled to immediate and actual possession of the Property.

67.     Plaintiff is further entitled to the lost rent or use and occupancy for the Property that has accrued since January 30, 2018.

ME1 48833437v.1

## FOURTH CAUSE OF ACTION
### (Court Appointment of Receiver Pursuant to Fed. R. Civ. P. 66)

68.    Plaintiff repeats and realleges the allegations in the foregoing paragraphs of this Verified Complaint as if fully set forth herein.

69.    Plaintiff avers that there is as an imminent danger that the Property will continue to suffer from waste and further injury, and that the value of the Property, including Plaintiff's 50% ownership interest therein, will be lost or diminished in value.

70.    Plaintiff has no adequate remedy at law.

71.    Absent an order appointing a receiver having the powers to safeguard the Property during the pendency of this action, administer the sale of the Property, and assist the Court in achieving a final, equitable distribution of the proceeds, Plaintiff will be irreparably harmed by, among other things, a reduction or elimination of the value of the Property in which it maintains a 50% ownership interest.

72.    The harm to Plaintiff in not having a receiver appointed would far outweigh any injury to any parties that oppose appointment.

73.    Plaintiff demonstrates a likelihood of success on the merits on its claims brought under the N.Y. RPAPL.

74.    For the aforementioned reasons, an order granting  the emergent application for the appointment of  a receiver should be issued.

## FIFTH CAUSE OF ACTION
### (Declaratory Judgment Pursuant to 28 U.S.C. § 2201)

75.    Plaintiff repeats and realleges the allegations in the foregoing paragraphs of this Verified Complaint as if fully set forth herein.

ME1 48833437v.1

76.    Plaintiff and the Estate of Lloyd Davis are the owners of the Property as tenants in common.

77.    Plaintiff and the Estate of Lloyd Davis hold their respective interests in the Property in fee simple absolute.

78.    Plaintiff has a pecuniary interest in the Property.

79.    A justiciable controversy exists between Plaintiff and the Estate of Lloyd Davis as well as between Plaintiff and the Occupant Defendants, with respect to their rights and interests in the Property.

80.    Plaintiff seeks to quiet title to the Property pursuant to Article 15 of the N.Y. RPAPL; partition and sell the Property pursuant to Article 9 of the N.Y. RPAPL; eject any occupants residing at the Property pursuant to Article 7 of the N.Y. RPAPL; and obtain additional relief at law and in equity, including the appointment of a receiver pursuant to Fed. R. Civ. P. 66, for the purposes of safeguarding the Property during the pendency of this action, administering the sale of the Property, and assisting the Court in achieving a final, equitable distribution of the proceeds.

81.    For the reasons set forth herein, the relief requested by Plaintiff is equitable and just.

**WHEREFORE** Plaintiff respectfully requests this Court enter Judgment in its favor as follows:

a.    Declaring that Plaintiff has a valid 50% ownership in the Property;

b.    Declaring that Defendants and every person or entity claiming under them be forever barred from all claims to an estate or interest in the Property to the extent that any such claim may be asserted to be adverse to Plaintiff's interest;

c.      Declaring that the Property is so situated that a sale of the Property is necessary and that the Property be sold under the direction of this Court;

d.      Declaring that Plaintiff is a tenant in common in fee simple absolute of an undivided 50% interest in the Property;

e.      Declaring that the Estate of Lloyd Davis is a tenant in common in fee simple absolute of an undivided one-half (50%) interest in the Property;

f.      Declaring that a division of the proceeds from the sale be directed between Plaintiff and the Estate of Lloyd Davis  according to their respective rights and interests in the Property after the payment of the lawful costs and disbursements of this action, and after appropriate adjustments are made based on an accounting, including, among other things, restitution to Plaintiff for fines and penalties incurred and rents pocketed by the Estate of Lloyd Davis;

g.      Declaring that Plaintiff is entitled to immediate possession of the Property;

h.      Issuing a Warrant of Eviction removing the Occupant Defendants from the Property, and putting Plaintiff into immediate possession of the Property;

i.      Directing the U.S. Marshals Service to eject the Occupant Defendants from the Property;

j.      Awarding a money judgment for lost rent or use and occupancy for the Property that has accrued since January 30, 2018;

k.      Upon a separate emergent application by Plaintiff, declaring that Plaintiff shall be entitled to the appointment of a receiver for the purposes of safeguarding the Property during the pendency of this action, administering the sale of the Property,

and assisting the Court in achieving a final, equitable distribution of the proceeds; and

l.      Granting such other and further relief that the Court deems just and proper.

## REQUEST FOR A COURT ORDER PURSUANT TO FED. R. CIV. P. RULE 4(c)(3) DIRECTING MANNER OF SERVICE

For reasons set forth herein, Plaintiff requests that any papers to be served on the parties in this action at the Property be made by the U.S. Marshals Service.

Dated:   New York, New York
         June 24, 2024

**McCARTER & ENGLISH, LLP**

By: *s/ Brian W. Carroll*
     Brian W. Carroll, Esq., Esq.
     Taylor A. Collins, Esq., Esq.
     Worldwide Plaza
     825 Eighth Avenue, 31st Floor
     New York, New York 10019
     (212) 609-6800
     bcarroll@mccarter.com
     tacollins@mccarter.com
     *Attorneys for Plaintiff College Diamond*
      *Fund Inc.*

ME1 48833437v.1

**VERIFICATION**

ROY REBEYEV, pursuant to 28 U.S.C. § 1746, hereby verifies as follows:

1. I am the President of Plaintiff College Diamond Fund Inc. ("Plaintiff" or "College Diamond Fund") in the above-captioned action.

2. I submit this verification to verify that I have read and know the contents of Plaintiff's Verified Complaint in this action and that the same is true to the best of my knowledge and belief, except as to any matters stated to be alleged upon information and belief, and as to those matters I believe it to be true.

I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed in the State of New Jersey on June 24, 2024.

       **COLLEGE DIAMOND FUND INC.**

       By:_____
        Roy Rebeyev, President

ME1 48833437v.1