UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*RD 24CV04800*

*College DIAMOND FuNd*    *24084000*

---

*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

\_\_\_ Civ. \_\_\_\_\_ ( ) ( )

- against -

*Robert DAvis*

**ANSWER**

---
---
---

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

RECEIVED
SDNY PRO SE OFFICE

# I
## ADMISSIONS AND DENIALS

*In this section, state which factual allegations in the complaint you admit to and which factual allegations you deny. You should refer to the complaint paragraph by paragraph (and sentence by sentence within each paragraph), in the same order as the paragraphs and sentences appear in the complaint. Attach additional sheets of papers as necessary.*

1. _____ *deny* _____
2. _____
3. _____ *See*
4. _____
5. _____ *Attach*
6. _____
7. _____
8. _____
9. _____ *deny* \_\_\_\_\_
10. _____

*Rev. 05/2007*                    1

UNITED STAES DISTRICT COURT FOR THE SOUTHERN DISTRICT

OF NEW YORK

COLLEGE DIAMOND FUND INC.

Civil action # _1:24 CiV-04800_

DEFENDANTS RESPONDS TO PLAINTIFF

VERIFIED COMPLAINT

        PLAINTIFF,

        -VS-

    ROBERT DAVIS.

_____

        STATE OF New York }

        COUNTY OF NEW YORK

   THAT  DEFENDANT ROBERT DAVIS IS THE RESPNDANT IN THE ABOVE CAPTIOANED MATTER AND THAT I DO OBJECT AND CONTEST TO ALL PAGES NUMBER AND PARAGRAPH OF THE PLAINTIFF MOTION AS AND WHERE IT PERTAIN TO THE DEFENDANT AND HIS PROPEETY AND  HOME FOR 55 YEARS AT 1023 COLLEGE AVENUE BRONX NEW YORK 10456 ,

THAT THIS PLAINTIFF BY AND THROUGH HIS ATTORNEY McCARTER & ENGLISH LLP ,

SEE  EXHIBIT A -  PLAINTIFF VERIFIED COMPLAINT COVER PAGE AT FIRST PARAGRAPH

        WHERE PLAINTIFF STATES THAT HE FILED THIS MOTION AGAINST THIS DEFENDANT ROBERT DAVIBASED UPON  HIS INFORMATION THAT BROUGHT THE PLAINTIFF TO THE CONCLUSION THAT THIS DEFENDANT IS A DE FACTO AMINISTARTOR OF THE ESTATE OF LLOYD DAVIS , WHO IS HIS FATHER

AND THE PROPERTY THAT THIS DEFENDANT REFERS TO AS HIS 50% PROPERTY , HAS BEEN THIS DEFENDANTS 100 % OWNERSHIP , AND ANYBODY CLAIMING TO HAVE RIGHT TO BUY OR SELL HIS FATHER PROPERTY SHOULD HAVE NOTIFIED HIM AS HE HAS BEEN LIVING IN I HIS HOME ALL HIS LIFE AND THERE IS NO LIVING KIN OR FAMILY MEMBER WITH RIGHT TO HIS HOME.

AND THEREFORE HE OBJECT TO THIS COURT HAVING JURISDICTION OVER THIS MATTER BASED IN PART OR WHOLE ON THIS PLAINTIFF VERIFIED COMPLAINT AS THIS PLAINTIFF ONLY CLAIM THAT WOULD JUSTIFY ANY RULING UNDER THE RULES AND LAWS CITED BY THIS PLAINTIFF IN HIS VERIFIED COMPLAINT , IS STATED BY PLAINTIFF AT

 EXHIBIT B  PLAINTIFF VERIFIED COMPLAINT

 AT PAGE 4 NUMER 13

AS THIS PLAINTIFF CLAIM THAT THIS DEFENDANT ROBERT DAVIS DOES NOT LIVE  AT THE REPERTY AND ATTEMPT TO USE LAWS AND RULES OF SPLITTING INHERITENCE AND REAL PROPERTY WITH FAMILY MEMBERS WITH A  LEGALLY BINDED INTEREST , AND ATTEMPTS TO DEMOSTRATE TO THE COURTS IN HIS VERIFIED COMPLAINT ,


SEE EXHIBIT C – VERIFIED COMPLAINT AT PAGE 7 THROUGH 12

THE PLAINTIFF ARQUEMENT REVOLVES SOLELY AROUND THE ALLEGATION THAT THIS DEFENDANT HAS MOVE FROM THE HOME AND THE HOME OR PROPERTY IS USED IN A MANOR THAT WOULD VIOATE THE INTEREST OF THE PLAINTIFF,


THE DEFENDANT ROBERT DAVIS OBJECT TO THIS ACTION AS THIS PLAINTIFF VERIFIED COMPLAINT DOES NOT HAVE THE AUTHORITY TO GIVE  ANY PERSON ANY RIGHT TO MY HOME WHERE I HAVE LIVE FOR 55 YEARS, MY FATHER WENT TO JAMAICA AND GET ME AND 3 MONTHS LATER BOUGHT A HOUSE THAT I HAVE LIVED IN ALL MY LIFE,

AND UNTIL I RECEIVE THE VERIFIED COMPLAINT I DID NOT KNOW I HAD ANYBODY WITH A INTEREST IN MY HOME AND HAS NEVER RECEIVE NOTICE FROM ANY FAMILY MEMBER THAT THEY SOLD ATTEMP TO SELL OR HAVE THE RIGHT TO SELL ANY PERCENTAGE OF MY HOME TO ANY OF THE PEOPLE MENTIONED IN THIS PLAINTIFF VERIFIED COMPLAINT AT PAGE 6 NUMBER  24 TO 30

AND THAT EVEN IF THERE  WAS A INTEREST CONCERNING ANY FAMILY INTRESET TO  SELL, THIS DEFENDANT ALLEGES THE PLAINTIFF SHOULD SHOW THIS COURT  THAT THIS PLAINTIFF HAD THE RIGHT TO BUY HIS HOUSE AND OR HOME FROM THE COMPANY  *College equity fund* m

WITHOUT GIVING THE DEFENDANT ROBERT DAVIS NOTICE UNDER FAIRNESS AS THIS IS THE UNITED STATES OF AMERICA AND UNDER,

UNITED STATES CONSTITUTION AT AMENDMENTS  1 ,6

SEE EXHIBIT D  COPY OF CONSTITUTION AMENDMENT DEFINTION

THAT THIS DEFENDANT STATES THAT IT WOULD HAVE BEEN FAIR TO GIVE HIM FAIR NOTICE THE A ACTION WAS BEING FILED TO SELL HIS HOME TO _College Equity fund_

EVEN BEFORE IT WAS SOLD TO _College Diamond fund_

AND THAT WITH OUT FAIR EVOLUATION OF THESE DOCUMENTS SHOWING A LEGAL SELL OF THE 50% ALLEGE TO HAVE BEEN SOLD TO _College equity_ ,

BY ALL THE PARTIES MENTIONED BY THIS PLAINTIFF IN HIS VERIFIED COMPLAINT AT PAGE 6 NUMBERS 24 -30 . , THIS COURT WOULD HAVE NO JURISDICTION TO DESIDE THIS MATTER . AS THE LAW AND RULES CITED BY THIS PLAINTIFF WOULD ONLY APPLY IF THERE WAS A LEGAL SELL TO THE FIRST PARTY THAT BOUGHHT OR CLAIM TO HAVE A 50% INTEREST IN MY FATHERS HOME TO SELL TO WHOEVER BOUGHT AND WITHOUT MY CONCENT OR KNOWLEDGE


THAT THIS DEFENDANT STATES THAT THIS PLAINTIFF SHOULD FIRST SHOW HOW THE PERSON THAT SOLD THE 50 % TO HIM, MADE A LEGAL SELL , UNDER THE LAWS OF THIS STATE, COUNTY AND OR RULES OF EXAUTION OF ALL REMIDIES BY THE PARTIES ATTEMPTING TO SELL THEEIR ALLEGE 50% TO THE PLAINTIFF FOR THE REASONS THE PLAINTIFF LISTED IN HIS COMPLAINT AT PAGES 8 THRU 12,

THESE ALLEGATIONS THIS DEFENDANT ROBERT DAVIS HAD THE RIGHT TO CHALLENGE IF GIVING NOTICE, AND HAS NOT BEEN GIVING NOTICE BY ANYONE HE BELIEVES HAD ANY LEGAL INTEREST INHIS HOME TO HELP RESOLVE,

AS PLAINTIFF CLAIM HE WANT TO HELP RESOLVE ISSUES AT THE PROPERTY YET THIS DEFENDANT NEED PROOFTHAT THE PLAINTIFF HAS LEGAL RIGHT TO HAVE EVEN BOUGHTATHE PROPERTY FROM THE PEOPLE WHO SOLD ITT TO _College equity fund_

THE DEFENDANT ROBERT DAVIS STATES NOBODY NEVER OWNED ANY PERCENT AND THAT DEFENDANT ROBERT DAVIS STATES HE BELIEVES HE HAS ALWAYS BEEN THE 100% OWNER AFTER HIS FATHER DIES 50 YEARS AGO

AND HAS NEVER BEEN TOLD OTHERWISE OR NOTIFIED LEGALLY BY ANY COURT OTHERWISE AS THIS PROPERTY IS HIM HOME FOR 55 YEARS.

HE DEFENDANT ROBERT DAVIS

PAYS ALL THE BILSL NEVER NEW NOBODY ELSE HAD THE RIGHT TOO PAY THE BILLS AND FOR 55 YEARS THEY HAVE NOT HELP HIM DEFENDANT ROBERT DAVIS PAY THE BILLS OR PROPERTY TAXES ECT

THAT PLAINTIFF SHOULD FIRST SHOW HIS LEGAL RIGHT TO THE 50% HE BOUGHT AND THE PEOPLE OR FAMILY MEMBER ECT THAT THIS PLAINTIFF MENTION SHOULD SHOW THE COURT THERE LEGAL RIGHT TO CLAIM TO OWN OR ALLEGE TO HAVE A LEGALLY ORDAIN BY A LEGAL COURT ORDAIN THAT THEY ARE 50 % OWNER AND THIS PLAINTIFF SHOULD FIRST PROVE TO THIS COURT THAT THE PERSON HE BOUGHT THE 50 % FROM

_College Equity_ , AS ALLEGE BY PLAINTIFF ,

THIS COMPANY _College  Fund_ , SHOULD BE ORDER TO GIVE THIS PLAINTIFF _Robert Davis_ , ALL LEGAL DOCUMENTS OR PERSON THAT WAS INVOLVED IN ANY COURT PROCEEDING THAT  WOULD MAKE THOSE PATIES 50% OF MY HOME, TO BE ABLE TO LEGALLY SHOW THE BINDING TO THIS PLAINTIFF TO CAUSE THIS PLAINTIFF TO BUY THE PRORPRTY FROM _College Equity_ , AS A LEGAL SELL FROM THE LEGAL OWNER AS I THIS DEFENDANT ROBERT DAVIS WAS NOT MADE AWARE OF ANY 50% OWNWER SINCE HIS FATHER PERCHASE HIS HOME 55 YEARS AGO AND THAT NO PERSON MENTION BY THE PLAINTIFF IN HIS VERIFIED COMPLAIN EXHIBIT A-1  HAS EVER LIVED AT HIS HOME AT _1023 College Avenue Bx ny 10456_

THAT THIS PLAINTIFF SHOULD SHOW THIS COURT PROOF THAT THIS DEFENDANT ROBERT DAVIS MOVED OUT HIS HOME INTO THE ADDRESS HE ALLEGES THAT DEFENDANT LIVE ALSO SEE EXHIBIT E

DEFENDANT NEW YORK STATE I.D CARD

THAT THIS PLAINTIFF STATES THAT HE IS THE 100% OWNER OF SAID PROPERTY ,

WITH RESPECT FOR THE FACT ALLEGED IN THE VERIFIED COMPLAINT AS HE HAS PAID ALL BILL , WATER BILLS, GAS BILLS , UNILITY ECT , AS HE LIVES IN THE HOME ALONE AS A ONE FAMILY HOME HE HAS BEEN SINCE 3 YEARS OLD WHEN HE CAME TO AMERICA FROM JAMAICA, AND HAS NEVER MOVED

THAT THIS DEFENDANT ROBERT DAVIS STATES THAT THE PLAINTIFF MADE A PURCHASE OF HIS PRPERTY FROM _College Equity_____ , WITHOUT HIS KNOWLEDGE AND THAT HE HAD A RIGHT TO ATTEND ANY PROCEEDING PERTAINING TO HIS HOME AS HE IS THE 100 % OWNER ,

AS HIS FATHER DIED WHEM HE WAS A CHILD, AND IT WAS HIS RIGHT TO KNOW THAT SOMEONE SOLD ANY PART OF HIS PROPERTY , AND THE REASON GIVING BY THE ALLEGE FAMILY MEMBER WHO SOLD THE PROPER TO, _Collge Diamond_____ , DEFENDANT _Robert Davis_____ STATES THAT IF ANY FAMILY MEMBER HAD A INTEREST IN HIS HOME AND FELT IT NEEDED TO BE REPAIRED AND OR FIXED UP ,

THEY SHOULD HAVE NOTIFIED HIM AND WORKED OUT A PAYMENT PLAN FOR THE COST THE REPAIR AMOINGDT THE PEOPLE IN HIS FAMILY WHO CLAIM TO HAVE AN INTEREST THAT WOULD HARM THEM IN ANY WAY , ECONOMICLY , SOCIALLY ENVIROMENTALLY ECT.

THAT THE PEOPLE IN MY FAMILY WHO SOLD MY PROPERTY TO _College Equity_____ THIS DEFENDANT ROBERT DAVIS ALLEGES AND AFFIRMS THAT THEY DID NOT HAVE THE RIGHT TO SELL HIS PROPERTY AND THEY ARE NOT OWNERS AND DON'T HAVE A INTEREST IN MY HOME AT ALL.

THAT THIS DEFENDANT STATES THAT WITHOUT PROOF THAT THIS PLAINTIFF PERCHASED THE PROPERTY FROM _College Equity_____ AND THAT _College Equity_____ HAD THE LEGAL RIGHT TO PURCHASE THE PROPERTY AT _1023 College Ave Bx NY_ _10456_ FROM THE PEOPLE LISTED IN PLAINTIFFS VERIFIED COMPLAINT ,

SEE EXHIBIT B  PLAINTIFF VERIFIED COMPLAINT AT PAGE 24 – 30

THAT THIS DEFENDANT ASK THAT THE COURT ~~DEBIE~~ Denie THIS PLAINTIFF JURISDICTION TO BRING THIS ACTION IN THIS COURTROOM AS THE QUESTION OF WHETHER THIS PLAINTIFF IS A TRUE 50 % OWNER TO EVEN HAVE A ISSUE OR INTEREST IN THE PROPERTY AT _1023 College Ave Bx NY_ HAS NOT BEEN ANSWER OR SETTLED IN A LEGAL MANOR WITH SUFFICIENT EVIDENCE SEEN BY THIS COURT AND THIS DEFENDANT _Robert Davis_ .

THE DEFENDANT IS ASKING THAT THE PLAINTIFF SHOW THE COURTS HOW THE COMPANY _College Equity_____ VERIFIED THE PEOPLE LISTED AS SELLING THE PROPERTY TO _College Equity_____ HOW THEY VERIFIED TO _College Equity_____ THAT THEY WERE OWNERS OF THE PROPERTY SHOW HOW OR WHAT COURT OR JUDGE DELCLARED THEM OWNER AND  WHAT WAS THE RASON GIVING TO THE JUDGE OR COURT FOR WANTING TO SELL THEIR SHARE OF THE PROPERTY AND WHY HE

*defendant*

ROBERT DAVIS_____ WAS NOT NOTIFIED THAT A PROBLEM EXISTED AND THAT THEY WANTED TO SETTLE THE PROBLEM OR SELL THE PROPERTY ,

THIS PLAINTIFF STATES THAT BECAUSE ALL THESE QUESTIONS HAD TO BE ANSWERED AND SETTLED BEFORE College Equity_____ HAD THE RIGHT TO BUY THE PROPERTY FROM THE PEOPLE HE ALLEGE TO HAVE BOUGHT THE 50 % FROM, COULD MAKE A LEGAL SELL OF THE PROPERTY , AS THIS DEFENDANT ALLEGES AND AFFIRM THAT THE PEOPLE WHO SOLD THE PROPERTY TO College Equity_____, WERE NOT THE OWNERS AND THEREFORE College Equity_____ WAS NOT THE LEGAL OWNER AMD THEREFORE ,

PLAINTIFF College Amord Fund ARE NOT LEGAL OWNERS ,

AS THEY DID NOT PURCHASE THE PROPERTY FROM THIS DEFENDANT WHO IS THE LEGAL OWNER AND TENANT AT 1023 College Avenue ALL HIS LIFE AND HAVE NEVER MOVED

By N.Y 10405

THAT THIS DEFENDANT STATES THAT TO ALLOW PLAINTIFF TO PROSECUTE THIS CASE OR ACTION IN THIS COURTROOM WOULD VILOLATE THIS DEFENDANT ROBERT DAVIS RIGHT TO A AFIR TRAIL , RIGHT TO CROSS EXAMINATION HIS RIGHT TO BE TREATED FAIRLY HIS RIGHT TO A GRIEVANCE AND HIS RIGHT TO HIS PROPERTY AND IN VIOLATION OF THE UNITED STATES CONSTITUTION OF AMERICA AT AMENDMENTS 1 , 5 AND 6

THAT THIS PLAINTIFF STATES THAT ALL THE LAWS AND RULES OF STATE AND ALL AUTHORITIES STATED BY THIS PLAINTIFF IS HIS VERIFIED COMPLAINT SHOULD NOT BE CONSIDERED OR HEARD IN THIS COURTROOM AS THIS PLAINTIFF IS NOT AND HAVE NOT PROVED THAT THE PERSON OR PERSONS HIS ALLEGEDLY PURCHASED MY HOME FROM WAS A LEGAL OWNER OR WHETHER THE PEOPLE

See: Exhibit B, who PURCHASE MY HOME FROM WAS LEGAL OWNER AS THE DEFENDANT ROBERT DAVIS DENIES ANYONE HAS ANY INTEREST IN HIS HOME HE LIVES IN BUT HIM.

AND THIS DEFENDANT STATES THAT HE LIVES IN HIS HOME AND IS NOT UNDER ANY DE FACTO ADMINISTRATOR OF THE ESTATE OF LLOYD LAWS AUTHORITIES AS THIS IS HIS HOME AND HE HAS NOT MOVED

SEE EXHIBIT D DEFENDANTS IDENTIFIACATION CARD PROOF OF ADDRESS , ANY OTHER PROOF CAN BE PROVIDED UPON REQUEST BY THIS COURT.

AS HE LIVES IN HIS HOME IT IS NOT REAL PRPERTY OR UNDER ANY REAL PROPERTY LAWS AS HE LIVES IN THE HOME AND IT IS NOT UP FOR SALE AND HAS NEVER BEEN.

THAT THE PEOPLE WHO IN HIS FAMILY ALLEGING TO HAVE SOLD HIS PROPERTY ARE NOT DE FACTO ADMINISTRATOR OF HIS FATHER ESTATE TO SELL THE PROPERTY UNDER SUCH LAWS AND RULES ,

AND UNTIL THEY PROVE IT

THIS PLAINTIFF HAS NO AUTHORITY OVER OR INTEREST IN MY HOME LEGALLY  AND SEEN BY THIS COURT AND THIS DEFENDANT ___ROBERT  DAViS___ ASK THAT THIS CASE BE DISMISSED IN ITS TOTALITY AAND ALL REQUEST BY THIS PLAINTIFF IN HIS VERIFIED COMPLAINT BE DENIED BY THIS COURT AND ANY OTHER RELIEF BE GRANTED.

THANK YOU YOUR HONOR FOR ALLOWING YOUR PLAINTIFF TO BE HEARD

DATED ___July 26 2024___

SIGNED ___(signature)___

ROBERT DAViS
1023 college avenue
Bronx, new york,
10456

SWORN TO BEFORE ME THIS_____

DAY OF _____2024

_____

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COLLEGE DIAMOND FUND INC., <br><br>          Plaintiff, <br><br> vs. <br><br> ROBERT DAVIS as the de facto administrator of the ESTATE OF LLOYD DAVIS; and "JOHN DOE #1" through "JOHN DOE #100", the names of the last 100 defendants being fictitious, the true names of said defendants being unknown to plaintiffs, it being intended to designate fee owners, tenants or occupants of the property and/or persons or parties having or claiming an interest in or lien upon the property, if the aforesaid individual defendants are living, and if any or all of said individual defendants be deceased, their heirs at law, next of kin, distributees, executors, administrators, trustees, committees, devisees, legatees, and the assignees, lienors, creditors, and successors in interest of them, and generally all persons having or claiming under, by, through, or against the said defendants named as a class, of any right, title, or interest in or upon the property described in the complaint herein, <br><br>          Defendants. | Civil Action No: 1:24-cv-04800 <br><br><br><br> **VERIFIED COMPLAINT** |

Plaintiff College Diamond Fund Inc. ("Plaintiff"), by and through its attorneys, McCarter & English, LLP, hereby files its Verified Complaint against Robert Davis as the de facto administrator of the Estate of Lloyd Davis (the "Estate of Lloyd Davis"), John Doe #1 through John Doe #6 (the "Occupant Defendants"), and John Doe #7 through John Doe #100 (the "Fictitious Defendants") (collectively "Defendants"), and states:

## NATURE OF THE ACTION

1.      This action arises out of issues concerning the real property and improvements thereon located at 1023 College Avenue, Bronx, New York 10456 (Block 2437, Lot 37), as more particularly described on the New York City (the "City") Department of Finance Property Information Portal (the "Property"). *See* https://propertyinformationportal.nyc.gov/parcels/parcel/2024370037.

2.      Plaintiff owns a 50% interest in the Property.

3.      Upon information and belief, the Estate of Lloyd Davis owns the other 50% interest in the Property.

4.      In addition, the Estate of Lloyd Davis claims interests in the Property adverse to the 50% ownership interest of Plaintiff.

5.      The Occupant Defendants are squatters who unlawfully reside at the Property. Plaintiff does not receive any rents directly or indirectly from the Occupant Defendants. No landlord-tenant relationship exists between Plaintiff and the Occupant Defendants. Plaintiff vehemently objects to the presence of the Occupant Defendants at the Property.

6.      If a landlord-tenant relationship exists between the Estate of Lloyd Davis and the Occupant Defendants, it is adverse to Plaintiff's 50% ownership interest in the Property.

7.      Upon information and belief, Robert Davis, on behalf of the Estate of Lloyd Davis, rents out rooms to, and collect rents from, the Occupant Defendants, and then pockets this money and/or distributes such funds to other heirs of Lloyd Davis, rather than using those funds to cover operating expenses of the Property, make necessary repairs, pay off fines, and remove liens.

8.      If a landlord-tenant relationship exists between the Estate of Lloyd Davis and the Occupant Defendants, the Occupant Defendants should nonetheless be evicted for good cause.

-2-

ME1 48833437v.1

The Occupant Defendants have caused substantial damage to the Property. They also prevent Plaintiff from accessing the Property to make necessary inspections and repairs. What is more, upon information and belief, the Occupant Defendants use the Property for criminal activity, including illicit drug trafficking and unlawful making and possession of firearms.

9.    Plaintiff seeks to quiet title to the Property pursuant to Article 15 of the N.Y. Real Property Actions and Proceedings Law ("RPAPL"); partition and sell the Property pursuant to Article 9 of the N.Y. RPAPL; eject any occupants residing at the Property pursuant to Article 7 of the N.Y. RPAPL, and obtain additional relief at law and in equity, including the appointment of a receiver pursuant to Fed. R. Civ. P. 66, for the purposes of safeguarding the Property during the pendency of this action, administering the sale of the Property, and assisting the Court in achieving a final, equitable distribution of the proceeds.

## THE PARTIES

10.    Plaintiff is a corporation organized and existing under the laws of the State of Delaware. *See* College Diamond Certificate of Incorporation attached hereto as **Exhibit A**. Plaintiff does not own or rent any offices in New York for the purpose of coordinating the corporation's activities. Plaintiff does not maintain any office headquarters. Plaintiff's principal place of business is located in the State of New Jersey, where Plaintiff's president directs, controls, and coordinates the corporation's activities, including from an office located at 650 East Palisade Avenue, Suite 179, Englewood, New Jersey 07632.

11.    The decedent, Lloyd Davis, was a citizen of the State of New York, domiciled in Manhattan, New York. *See* Lloyd Davis Certificate of Death attached hereto as **Exhibit B**. Upon information and belief, Lloyd Davis died intestate. Further, no administrator was appointed to manage or administer the decedent's estate.

-3-

12.     Upon information and belief, Lloyd Davis's son Robert Davis is the *de facto* administrator of the decedent's estate. *See Accounting of Sakow*, 219 A.D.2d 479, 482 (1st Dep't 1995) (holding that an individual who functioned as the "'principal decision maker with respect to the disposition of estate assets'" and "possessed all of the powers of a fiduciary" "was, in effect, the *de facto* executor of his father's estate"). The estate's 50% ownership interest in the Property appears to be the primary (if not the only) estate asset that has yet to be disposed of or distributed among the decedent's heirs. Plaintiff's president has met with or spoken to Robert Davis on multiple occasions about issues concerning the Property, including management, disposition and distribution. Robert Davis's decisions on behalf of the estate concerning the use, management, disposition, and distribution of the Property in connection with the estate's 50% ownership interest are met unchallenged by the decedent's other children (or, if deceased, their heirs).

13.     For purposes of notice and service in this action on the Estate of Lloyd Davis, the last known residence of Robert Davis is located at 175 Prince Street, Bridgeport, Connecticut 06610.

14.     Upon information and belief, the Occupant Defendants, whose names are presently unknown to Plaintiff, are citizens of the State of New York, domiciled (albeit unlawfully) at the Property.

15.     The Fictitious Defendants, whose identities are presently unknown to Plaintiff, have been made defendants in this action because of possible claims or interests in ownership or possession of the Property.

-4-

ME1 48833437v.1

## JURISDICTION AND VENUE

16.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

17.    Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 as the Property is located in this judicial district, at least one defendant resides in this judicial district, and a substantial part of the events or omissions giving rise to the claims in this action occurred in this judicial district.

## FACTS

A.    **Information Relating to Lloyd Davis and Elizabeth Davis Family Trees and Chain of Title to the Property**

18.    Lloyd Davis acquired the Property by bargain and sale deed dated September 21, 1979, attached hereto as **Exhibit C**.  The deed was recorded in the Office of the New York City Register on October 10, 1979.

19.    Lloyd Davis died on November 2, 1981.  *See* Exhibit B.

20.    Lloyd Davis was survived by his wife, Elizabeth Davis.

21.    Lloyd Davis and Elizabeth Davis married later in life.  Both had children from prior relationships, but they did not have children together.

22.    Elizabeth Davis, as the surviving spouse of Lloyd Davis, received a 50% ownership interest in the Property.

23.    Elizabeth Davis died on November 4, 2014.  *See* Elizabeth Davis Certification of Death attached hereto as **Exhibit D**.

ME1 48833437v.1

24.    Elizabeth Davis had two daughters, Carolyn Boone, who survived her mother, and Marie Harris, who died before her mother in 1986. *See* Affidavit of Heirship of Siteria B. Gore and Affidavit of Heirship of Sam Walker attached hereto as **Exhibit E**.

25.    Marie Harris had two children, Ronette Walker and Carlton Harris. *Id.*

26.    Carolyn Boone inherited one half of her deceased mother's ownership interest in the Property, which gave her a 25% ownership interest in the Property. *Id.*

27.    College Equity Fund Inc. ("College Equity Fund") acquired Carolyn Boone's 25% ownership interest in the Property by bargain and sale deed dated January 30, 2018, attached hereto as **Exhibit F**. The deed was recorded in the Office of the New York City Register on February 7, 2018.

28.    Sam Walker acquired the rights through the Surrogate's Court of the State of New York, County of Bronx for letters of administration on behalf of his grandmother Elizabeth Davis's Estate, including any claim or interest in the Property that could be attributed to Ronette Walker, Carlton Harris, or their respective heirs. *See* Letters of Administration Appointing Sam Walker as the Fiduciary for the Estate of Elizabeth Davis attached hereto as **Exhibit G**.

29.    College Equity Fund acquired the 25% ownership interest in the Property held by the Estate of Elizabeth Davis by administrator's deed dated August 3, 2020, attached hereto as **Exhibit H**. The deed was recorded in the Office of the New York City Register on August 7, 2020.

30.    A confirmatory deed dated August 21, 2020 and attached hereto as **Exhibit I** was recorded on September 2, 2020 to confirm the spelling of the Estate of Elizabeth Davis as the "Estate of Elizabeth Davis" and *not* as the "Estate of Elizabeth David."

ME1 48833437v.1

31.    Plaintiff acquired the 50% ownership interest in the Property held by College Equity Fund by warranty deed with full covenants dated October 13, 2020, attached hereto as **Exhibit J**.    The deed was recorded in the Office of the New York City Register on October 22, 2020.

**B.    Issues Concerning the Property**

32.    The Estate of Lloyd Davis has not obtained an insurance policy for the Property.

33.    The absence of insurance coverage exposes Plaintiff to unlimited civil liability, and the Property to imminent risk of substantial and damaging losses.

34.    Plaintiff cannot obtain an insurance policy for the Property because of the deteriorating physical state of the asset and the unlawful conduct of the Estate of Lloyd Davis and the Occupant Defendants.

35.    The Estate of Lloyd Davis and the Occupant Defendants are engaged in conduct that has caused, and continues to cause, irreparable harm to Plaintiff's 50% ownership interest in the Property as well as to the asset as a whole.

36.    The Estate of Lloyd Davis prevents Plaintiff from generating revenue from the Property to cover the asset's operating expenses, obstructs Plaintiff from managing the day-to-day operations of the Property, and makes it impossible for Plaintiff to remedy outstanding issues concerning the Property with the City.

37.    The Occupant Defendants do not pay rent to Plaintiff.    Rather, they cause substantial damage to the Property, refuse to vacate the residential units they inhabit, and engage in intimidation tactics, such as making verbal death threats, that deter and prevent Plaintiff from gaining physical access to the asset.

38.     As a result of the illegal conduct of the Occupant Defendants, Plaintiff cannot secure reliable and law abiding tenants to pay market rents or generate any revenue from the Property to cover the asset's operating expenses.

39.     The Estate of Lloyd Davis and the Occupant Defendants facilitate and/or commit waste upon the Property and perpetuate a dangerous, and unlawful, environment at the premises that further drives down the Property's value.

40.     Plaintiff cannot conduct on-site inspections at the Property to ensure compliance with governing rules and regulations or identify and make necessary repairs.  *See e.g.*, Summons No. 039039812R concerning violations of the NYC Building Code and photographs of the premises taken by a Department of Buildings inspector attached hereto as **Exhibit K**.

41.     Since April 2016, the Property has accumulated over $45,000 in unpaid tickets, or "Summonses" for violations of the Administrative Code identified at the Property by City enforcement agencies, including the Department of Mental Health and Hygiene, the Department of Buildings, and the Environmental Control Board within the Department of Sanitation. *See* NYC CityPay Bill (last visited June 24, 2024) attached hereto as **Exhibit L**.

42.     Despite Plaintiff not having actual control over, or physical access to, the Property, Plaintiff has been forced to allocate a significant amount of time, money, and resources toward attending to City enforcement and administrative agency matters.

43.     Plaintiff is unfairly burdened with the responsibility of paying off these fines or contesting them before the Office of Administrative Trial and Hearings, or "OATH". *See e.g.*, Summons No. 0803064882 concerning violations of the NYC Health Code relating to rat infestation attached hereto as **Exhibit M**.

44.    It has become impossible for Plaintiff to maximize the value of the Property or, at minimum, protect its ownership interest in the asset.

45.    The Property is saddled with over $100,000 in City property tax and water liens, including the following amounts identified by the Department of Finance as of September 2020: $7,223.18 (property tax lien), $106.75 (property related charges lien), $62,370.59 (billed water lien), and $32,082.39 (water board lien). *See* Lien Notice dated September 17, 2020 attached hereto as **Exhibit N**.

46.    Further, an action assigned Index No. 26736/2019E and captioned *NYCTL 1998-2 TRUST AND THE BANK OF NEW YORK MELLON, AS COLLATERAL AGENT AND CUSTODIAN v. COLLEGE EQUITY FUND INC., et al.*, was commenced on June 10, 2019 and is pending in the Supreme Court of New York, County of Bronx for the foreclosure of tax liens evidenced by a tax lien certificate recorded in the Office of the New York City Register on August 23, 2018. *See* Tax Lien Certificate No.2A dated as of August 16, 2018 attached hereto as **Exhibit O** at 8 (stating the tax lien total for the Property is $16,750.71 and subject to 6% interest).

47.    The status quo concerning the Property is untenable and necessitates judicial intervention, including, most urgently, the appointment of a receiver by this Court to safeguard the Property during the pendency of this action.

**FIRST CAUSE OF ACTION**
**(Quiet Title Pursuant to Article 15 of N.Y. RPAPL)**

48.    Plaintiff repeats and realleges the allegations in the foregoing paragraphs of this Verified Complaint as if fully set forth herein.

49.    Plaintiff is the rightful owner of a 50% interest in the Property in fee simple absolute.

-9-

ME1 48833437v.1

50.    Upon information and belief, the Estate of Lloyd Davis owns the other 50%

interest in the Property in fee simple absolute.

51.    The Estate of Lloyd Davis has attempted, and continues, to challenge the validity

of Plaintiff's ownership interest in the Property.

52.    Plaintiff possesses no information to believe that any of the named or unnamed

defendants in this action, including the Occupant Defendants, are incompetent.

53.    All interested parties presently known to Plaintiff have been named.  Should

Plaintiff learn of the identities of any additional interested parties, this Verified Complaint will

be amended as appropriate.

**SECOND CAUSE OF ACTION**
**(Partition and Sale Pursuant to Article 9 of N.Y. RPAPL)**

54.    Plaintiff repeats and realleges the allegations in the foregoing paragraphs of this

Verified Complaint as if fully set forth herein.

55.    Plaintiff and the Estate of Lloyd Davis are owners of the Property as tenants in

common.

56.    The rights, shares, and interests in the Property of Plaintiff and the Estate of Lloyd

Davis are as follows:

a.    Plaintiff is a tenant in common in fee simple absolute of an undivided one-

half (50%) interest in the Property; and

b.    The Estate of Lloyd Davis is a tenant in common in fee simple absolute of

an undivided one-half (50%) interest in the Property.

57.    Upon information and belief, the fair market value of the Property is

approximately $800,000.

-10-

58. Except as otherwise alleged herein, there are no other liens or encumbrances of record on the Property.

59. Plaintiff possesses no information to believe that any of the named or unnamed defendants in this action, including the Occupant Defendants, are incompetent.

60. All interested parties presently known to Plaintiff have been named. Should Plaintiffs learn of the identities of any additional interested parties, this Verified Complaint will be amended as appropriate.

61. The Property is so situated that division or partition thereof between Plaintiff and the Estate of Lloyd Davis, according to their respective rights and interests, is not possible without great prejudice to the owners thereof, and thus a sale of the Property is necessary.

62. Plaintiff has no adequate remedy at law.

**THIRD CAUSE OF ACTION**
**(Ejectment Pursuant to Article 7 of N.Y. RPAPL )**

63. Plaintiff repeats and realleges the allegations in the foregoing paragraphs of this Verified Complaint as if fully set forth herein.

64. As an owner of the Property, Plaintiff has the immediate right to possession of same as well as all of the residential units located therein.

65. The Occupant Defendants have no right to occupy the Property.

66. Plaintiff is entitled to immediate and actual possession of the Property.

67. Plaintiff is further entitled to the lost rent or use and occupancy for the Property that has accrued since January 30, 2018.

-11-

MEI 48833437v.1

## FOURTH CAUSE OF ACTION
### (Court Appointment of Receiver Pursuant to Fed. R. Civ. P. 66)

68.    Plaintiff repeats and realleges the allegations in the foregoing paragraphs of this Verified Complaint as if fully set forth herein.

69.    Plaintiff avers that there is as an imminent danger that the Property will continue to suffer from waste and further injury, and that the value of the Property, including Plaintiff's 50% ownership interest therein, will be lost or diminished in value.

70.    Plaintiff has no adequate remedy at law.

71.    Absent an order appointing a receiver having the powers to safeguard the Property during the pendency of this action, administer the sale of the Property, and assist the Court in achieving a final, equitable distribution of the proceeds, Plaintiff will be irreparably harmed by, among other things, a reduction or elimination of the value of the Property in which it maintains a 50% ownership interest.

72.    The harm to Plaintiff in not having a receiver appointed would far outweigh any injury to any parties that oppose appointment.

73.    Plaintiff demonstrates a likelihood of success on the merits on its claims brought under the N.Y. RPAPL.

74.    For the aforementioned reasons, an order granting  the emergent application for the appointment of  a receiver should be issued.

## FIFTH CAUSE OF ACTION
### (Declaratory Judgment Pursuant to 28 U.S.C. § 2201)

75.    Plaintiff repeats and realleges the allegations in the foregoing paragraphs of this Verified Complaint as if fully set forth herein.

ME1 48833437v.1

76.    Plaintiff and the Estate of Lloyd Davis are the owners of the Property as tenants in common.

77.    Plaintiff and the Estate of Lloyd Davis hold their respective interests in the Property in fee simple absolute.

78.    Plaintiff has a pecuniary interest in the Property.

79.    A justiciable controversy exists between Plaintiff and the Estate of Lloyd Davis as well as between Plaintiff and the Occupant Defendants, with respect to their rights and interests in the Property.

80.    Plaintiff seeks to quiet title to the Property pursuant to Article 15 of the N.Y. RPAPL; partition and sell the Property pursuant to Article 9 of the N.Y. RPAPL; eject any occupants residing at the Property pursuant to Article 7 of the N.Y. RPAPL; and obtain additional relief at law and in equity, including the appointment of a receiver pursuant to Fed. R. Civ. P. 66, for the purposes of safeguarding the Property during the pendency of this action, administering the sale of the Property, and assisting the Court in achieving a final, equitable distribution of the proceeds.

81.    For the reasons set forth herein, the relief requested by Plaintiff is equitable and just.

**WHEREFORE** Plaintiff respectfully requests this Court enter Judgment in its favor as follows:

a.    Declaring that Plaintiff has a valid 50% ownership in the Property;

b.    Declaring that Defendants and every person or entity claiming under them be forever barred from all claims to an estate or interest in the Property to the extent that any such claim may be asserted to be adverse to Plaintiff's interest;

-13-

c.   Declaring that the Property is so situated that a sale of the Property is necessary and that the Property be sold under the direction of this Court;

d.   Declaring that Plaintiff is a tenant in common in fee simple absolute of an undivided 50% interest in the Property;

e.   Declaring that the Estate of Lloyd Davis is a tenant in common in fee simple absolute of an undivided one-half (50%) interest in the Property;

f.   Declaring that a division of the proceeds from the sale be directed between Plaintiff and the Estate of Lloyd Davis according to their respective rights and interests in the Property after the payment of the lawful costs and disbursements of this action, and after appropriate adjustments are made based on an accounting, including, among other things, restitution to Plaintiff for fines and penalties incurred and rents pocketed by the Estate of Lloyd Davis;

g.   Declaring that Plaintiff is entitled to immediate possession of the Property;

h.   Issuing a Warrant of Eviction removing the Occupant Defendants from the Property, and putting Plaintiff into immediate possession of the Property;

i.   Directing the U.S. Marshals Service to eject the Occupant Defendants from the Property;

j.   Awarding a money judgment for lost rent or use and occupancy for the Property that has accrued since January 30, 2018;

k.   Upon a separate emergent application by Plaintiff, declaring that Plaintiff shall be entitled to the appointment of a receiver for the purposes of safeguarding the Property during the pendency of this action, administering the sale of the Property,

-14-

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Southern District of New York

| | | |
|---|---|---|
| College Diamond Fund Inc. | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No.  1:24-cv-04800 |
| Robert Davis as the de facto administrator of the Estate of Lloyd Davis, et al. | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Robert Davis as the de facto administrator of the Estate of Lloyd Davis at his last knownresidence located at 175 Prince Street, Bridgeport, Connecticut 06610 or, alternatively,1023 College Avenue, Bronx New York 10456

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
Brian W. Carroll, Esq. (bcarroll@mccarter.com)
Taylor A. Collins, Esq. (tacollins@mccarter.com)
McCARTER & ENGLISH, LLP
Worldwide Plaza
825 Eighth Avenue, 31st Floor
New York, New York 10019
(212) 609-6800

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:  _____06/26/2024_____

/S/ V. BRAHIMI
*Signature of Clerk or Deputy Clerk*




24.     Elizabeth Davis had two daughters, Carolyn Boone, who survived her mother, and Marie Harris, who died before her mother in 1986. *See* Affidavit of Heirship of Siteria B. Gore and Affidavit of Heirship of Sam Walker attached hereto as **Exhibit E**.

25.     Marie Harris had two children, Ronette Walker and Carlton Harris. *Id.*

26.     Carolyn Boone inherited one half of her deceased mother's ownership interest in the Property, which gave her a 25% ownership interest in the Property. *Id.*

27.     College Equity Fund Inc. ("College Equity Fund") acquired Carolyn Boone's 25% ownership interest in the Property by bargain and sale deed dated January 30, 2018, attached hereto as **Exhibit F**. The deed was recorded in the Office of the New York City Register on February 7, 2018.

28.     Sam Walker acquired the rights through the Surrogate's Court of the State of New York, County of Bronx for letters of administration on behalf of his grandmother Elizabeth Davis's Estate, including any claim or interest in the Property that could be attributed to Ronette Walker, Carlton Harris, or their respective heirs. *See* Letters of Administration Appointing Sam Walker as the Fiduciary for the Estate of Elizabeth Davis attached hereto as **Exhibit G**.

29.     College Equity Fund acquired the 25% ownership interest in the Property held by the Estate of Elizabeth Davis by administrator's deed dated August 3, 2020, attached hereto as **Exhibit H**. The deed was recorded in the Office of the New York City Register on August 7, 2020.

30.     A confirmatory deed dated August 21, 2020 and attached hereto as **Exhibit I** was recorded on September 2, 2020 to confirm the spelling of the Estate of Elizabeth Davis as the "Estate of Elizabeth Davis" and *not* as the "Estate of Elizabeth David."

EXHiT C

See

UNited

State

Constitution

OF

AMaicA

Amendment #7 1-6-5

Ex Hibit-D

 

## II
### DEFENSES

*In this section, state any legal theories that, even assuming that what plaintiff has alleged in the complaint is true, do not permit the plaintiff to win the case.  Attach additional sheets of paper as necessary.*

FIRST DEFENSE: _____

SECOND DEFENSE: _____

THIRD DEFENSE: _____

**WHEREFORE** defendant asks this Court to dismiss the complaint and enter judgment in favor of defendant.

*[If you have any counterclaim against the plaintiff that arises out of the same events or transactions stated in the complaint, and/or any crossclaims against the other defendants that arise out of the same events or transactions stated in this complaint, and/or any third-party claims you have against third-parties (that is, someone not already named in the lawsuit) that arise out of the same events or transactions stated in the complaint, you should attach additional sheets of paper to set forth the facts and bases for any such claims.  See the Pro Se Manual for a further explanation.]*

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this 26 day of July , 2024

Signature of Defendant _____

Address 1022 college Ave
Bronx N.Y. 10456

Telephone Number 929 605 7392

Fax Number (if you have one) _____

RD EMail Washingtonrobdave@Gmail