UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COLLEGE DIAMOND FUND INC.,<br><br>       Plaintiff,<br><br> -against-<br><br>ROBERT DAVIS, as the de facto administrator of the ESTATE OF LLOYD DAVIS, et al.,<br><br>       Defendants. | 24-CV-4800 (AT)(RFT)<br><br>**ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

  The Court respectfully directs the Clerk of Court to seek pro bono counsel to enter a limited appearance on behalf of Defendants Robert Davis and Michael Best for the purpose of representing them in responding to Plaintiff's motion to appoint a receiver and settlement in the above-captioned action. Counsel will file a Notice of Limited Appearance as Pro Bono Counsel.

**LEGAL STANDARD**

  The courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). In civil cases – unlike criminal cases – there is no requirement that courts supply indigent litigants with counsel. *See Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad" discretion" when deciding whether to seek pro bono representation for a civil litigant. *Id.* Even if a court believes that a litigant should have a free lawyer, it has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of pro bono counsel sparingly, and with reference to

public benefit, to preserve the "precious commodity" of volunteer-lawyer time. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

## DISCUSSION

Plaintiff, a private real estate corporation with its principal place of business in Delaware filed an action seeking quiet title and the appointment of a receiver for the property located at 1023 College Avenue Bronx, NY 10456 (the "Property"). (*See* ECF 1, Complaint ¶ 1.) Plaintiff alleges, among other things, that it owns a 50% interest in the property and that Robert Davis on behalf of the Estate of Lloyd Davis owns the other 50%. (*See id.* ¶¶ 2-4, 7.) Plaintiff further alleges that unnamed occupants are "squatters" unlawfully residing at the property who have caused substantial damage to the Property, prevent Plaintiff from accessing the Property, and engage in criminal activity. (*Id*. ¶ 4.) Plaintiff seeks quiet title to the Property, to sell the Property, to eject the occupants and other relief under the N.Y. Real Property Actions and Proceedings Law. (*Id*. ¶ 9.) Plaintiff has also filed a motion to appoint a receiver for purposes of safeguarding the Property during the pendency of the litigation (*see* ECF 15) and a proposed order to show cause with emergency relief, which the Court entered on June 25, 2024 (*see* ECF 21).

Defendants Michael Best and Robert Davis appeared in this action and filed Answers in response to the Complaint. (*See* ECF 40, 41, 60, 62.) During a status conference on August 22, 2024, Defendants Michael Best and Robert Davis requested the assistance of pro bono counsel. Given the stage of the proceedings, the Court now requests that counsel appear for the limited purpose of representing Defendants Michael Best and Robert Davis in connection with the motion to appoint a receiver and settlement. The Court has extended Defendants' deadline to

respond to Plaintiff's reply in further support of the motion to appoint a receiver sine die in anticipation of a positive response to this request for volunteer assistance. Pro bono counsel will not be obligated for any aspect of the representation beyond the matters described in this order.

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of Defendants' case. The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial hardship. *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order.

Upon the filing by pro bono counsel of a Notice of Completion, the representation by pro bono counsel of Defendants in this matter will terminate, and pro bono counsel will have no further obligations or responsibilities to Defendants or to the Court in this matter.

**CONCLUSION**

The Clerk of Court is respectfully directed to attempt to locate pro bono counsel to represent Defendants Michael Best and Robert Davis for the limited purposes described above. The Court makes clear that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, there is no guarantee that counsel will volunteer in time to assist with responding to the motion to appoint a receiver. If an attorney volunteers, that attorney will contact Defendants Michael Best and Robert Davis directly.

Dated: August 22, 2024
New York, New York

SO ORDERED.

**ROBYN F. TARNOFSKY**
United States Magistrate Judge