Case # 24 CV 4800

Letter to The Judge: Robyn Tawofsky
Robert Davis: heir to Lloyd Davis
Estate <u>Not</u> de Facto administrator

It on Record that I was Not Sarve. No Probate

Exibit. A. Page 7-8 see Report and Recommendation to The Honorble Analisa Torres

Lloyd Davis Heirs was never serve. His 50% was not reconise I need hearing to brake illegal trust

Rob [signature]

2025 FEB 13 AM 9:56
SDNY PRO SE OFFICE
RECEIVED

*Exibit A*

as in compliance with the requirements of RPAPL § 1351(1); and it is further

ORDERED, that the purchaser or purchasers at such sale be let into possession on

production of the Referee's Deed; and it is further ORDERED AND ADJUDGED, that

the each and all of the defendants in this action and all persons claiming under

them, or any or either of them, after the filing of such notice of pendency of this

action, be and they hereby are, forever barred and foreclosed of all right, claim,

lien, title, interest and equity of redemption in the said premises and each and

every part thereof.

(*See* ECF 71, Reply Affidavit of Brian Carroll ("Carroll Reply Aff.") Ex. C, Notice of Entry for the Judgment of Foreclosure and Sale of the Property ("Foreclosure Judgment") at 4-7.) Plaintiff, although not a defendant in the state court action, is the successor-in-interest to College Equity. (*See* ECF 90, Pl.'s Oct. 18 Letter at 2 (citing N.Y. City Administrative Code § 11-340 and CPLR 6501(a)).) Plaintiff takes the position that it retains an interest in the Property notwithstanding the foreclosure, because the Property has yet to be sold at public auction; Plaintiff contends that it may exercise its right to redemption by paying off the full amount owed on the debt on which the foreclosure was based prior to any sale at public auction. (*See* ECF 90, Pl.'s Oct. 18 Letter at 3 (citing *NYCTL 1999-1 Tr. v. 573 Jackson Ave. Realty Corp.*, 13 N.Y.3d 573, 579 (2009)).)

On June 6, 2024, the state court judgment of foreclosure of sale was entered in the Office of the Clerk of the Bronx County, and on June 11, 2024, notice was sent to all appearing and consenting defendants of record, which did not include Davis, with a carbon copy sent to Plaintiff. (*See* ECF 71, Carroll Reply Aff. Ex. C, Foreclosure Judgment at 4.) On October 24, 2024,

7

*Exhibit A* (handwritten)

the Bronx County court granted an unopposed motion for a 180-day extension to conduct the sale of the Property. (*See* ECF 90, Pl.'s Oct. 18 Letter at 1 (citing *NYCTL 1998-2 Trust*, No. 26736/2019E, NYSCEF Doc. No. 120).)

B. <u>Federal Court Action</u>

Plaintiff commenced this federal court action with the filing of the Complaint on June 24, 2024, 18 days after entry of the Foreclosure Judgment. (*See* ECF 1, Compl.) Plaintiff asserts claims under New York law to quiet title to the Property under Article 15 of the New York Real Property Actions and Proceedings Law ("NYRPAPL") (Count I); partition and sale of the Property under Article 9 of the NYRPAPL (Count II); and ejectment of any occupants residing at the Property under Article 7 of the NYRPAPL (Count III). Plaintiff also asserts federal law claims for appointment of a receiver (Count IV) and for declaratory judgment on eleven separate grounds (Count V). Plaintiff's request for declaratory judgment asked that the Court enter judgment declaring the following: (1) that the Plaintiff has a valid 50% ownership in the Property; (2) that Defendants and each person or entity claiming from them is permanently barred from any claims asserting an interest in the Property that is adverse to Plaintiff's interest; (3) that the Property is so situated that a sale of the Property under the direction of the Court is necessary; (4) that Plaintiff is a tenant in common in fee simple absolute of an undivided one-half interest in the Property; (5) that the Estate of Lloyd Davis is a tenant in common in fee simple absolute of an undivided one-half interest in the Property; (6) that the proceeds from the sale be divided between Plaintiff and the Estate of Lloyd Davis according to their respective rights in the Property after both payment of costs of the federal court action and appropriate adjustments made based on an accounting that includes restitution to Plaintiff for any fines and penalties